The only evidence in the cause, except the answer, is the deposition of Humphrey Brooke, who, the appellant acknowledges, is an interested witness.
The appellee, however, had no cause to complain that the appellant would consummate the contract, upon his simple bond, without security; and had the latter tendered, within a reasonable time, and before the commencement of the suit, the escape-warrants against IJttlepagc, with proper endorsements thereon, the contract, I conceive, would have been binding on the parties : but Winston expressly charges in his bill that “ the defendant had not vested any, the least, shadow of right in the complainant, to the said escapes ; and no value whatever had been received by him for the said bond;” and, further, “ that when the appellant threatened him with a suit on his bond, he demanded a delivery of the said escape-warrants ; but which he positively refused; and still withholds from him the said escape-warrants, with an assignment of the same.” To this very important charge in the bill, the defendant made no answer, but contented himself with saying “ that he has fully answered the most material allegations contained in the complainant’s bill.” But, in my conception, “ that he refused to deliver the escape-warrants, properly endorsed, when demanded,” was the most material allegation in the bill; and the main hinge on which the merits of the cause *302 principally turned. And the defendant’s having failed to answer it, was, in my apprehension, a tacit acknowledgment that the charge was true.
Mr. Brooke, in his deposition, says, “ with respect to the escape-warrants, the deponent is of opinion that the said Winston might have procured them, and that he still may, upon making proper application.” What were the grounds of Brooke’s opinion, respecting those warrants, or what he might think would be making “ proper application,” seems immaterial to be considered at this day; I am, upon the whole, clearly of opinion that the decree is correct, and ought to be affirmed.
The decree is affirmed by the unanimous opinion of the court.